# B. B. LARSON v. FIRST NATIONAL BANK OF CULBERTSON.[1]

### April 24, 1914.

### Nos. 18,450—(38).

**Findings sustained by evidence.**

    The evidence sustains the findings of the trial court that certain cattle shipped from Montana to Chicago belonged to the plaintiff, and that he was entitled to recover the proceeds thereof, received by the defendant bank, though the bank had made a colorable but not actual transfer thereof to a receiver, an officer of the bank, claiming to be entitled thereto.

Action removed to the district court for Clay county to recover $7,712.87 for money received. The case was tried before Taylor, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From an order denying its motion for a new trial, defendant appealed. Affirmed.

    *M. A. Brattland, Ole J. Vaule* and *Norris & Hurd,* for appellant.
    *F. H. Peterson,* for respondent.

DIBELL, C.

Action to recover the sum of $7,712.87, the proceeds of the sale of certain cattle shipped by the plaintiff from Culbertson, Montana, to Chicago, which proceeds were remitted to the defendant bank. There were findings for the plaintiff and the defendant appeals from an order denying its motion for a new trial.

The Minnesota and Montana Cattle Co., a Minnesota corporation, organized about 1902, operated what was known as the Y Z ranch near Culbertson, Montana. It went into bankruptcy in 1905 in Minnesota. The plaintiff, and some five others, all stockholders

[1] Reported in 146 N. W. 1097.

of the cattle company, made an arrangement whereby the assets of the company should be purchased at the sale by the trustee in bankruptcy. This was done and the title was taken first in the name of K. O. Slette, one of the stockholders, and was afterwards transferred to the plaintiff, who, as found by the court, held the legal title by agreement as trustee for the stockholders making the purchase. In September, 1907, certain cattle belonging to the plaintiff, as trustee, were shipped from the Y Z ranch in Montana to Chicago, and the proceeds, $7,712.87, were remitted to the First National Bank of Culbertson. This had been the customary way of doing when the cattle company was doing business, and the money was then transmitted to the company at Halstad. The bank refused to pay the proceeds of the sale to the plaintiff upon demand.

K. O. Slette, in October, 1907, commenced an action in Montana, alleging that the stockholders purchasing the assets of the cattle company were copartners, and upon his *ex parte* application, and without service of process in the main action, one I. O. Slette was appointed receiver. The two Slettes were president and cashier of the Culbertson bank, and controlled, managed and conducted it. I. O. Slette, made a demand upon the assistant cashier of the bank for the $7,712.87, and it was credited to him as receiver. The bank knew that the money belonged to the plaintiff, its transfer to the receiver was colorable only, without parting with its possession or putting it into the control of the receiver. The bank should not be protected upon the theory that the money is in the hands of a Montana receiver.

The findings of the trial court are sustained by the evidence, and the direction of judgment for the plaintiff was right.

Order affirmed.